(No. 34144.—

MARSHALL C. FOREEN *et al.,* Appellants, *vs.* WILLIAM G. STRATTON *et al.,* Appellees.

*Opinion filed November 26, 1956.*

FREDERIC D. HOUGHTELING, F. RAYMOND MARKS, JR., WILLIAM F. PRICE, and JOHN B. WOLFF, all of Chicago, for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for certain appellees, and JOHN F. TYRRELL, and EUCLID LOUIS TAYLOR, both of Chicago, for other appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In each of two cases the plaintiffs sought declaratory judgments that section 8—13 and related sections of the Election Code, (Ill. Rev. Stat. 1955, chap. 46, par. 8—13,) are unconstitutional. Each complaint alleged that the Representative Committees of the Republican and Democratic parties had adopted resolutions limiting the number of candidates to be nominated for the office of Representative in the General Assembly so that in the two representative districts involved only three candidates, one of the Republican party and two of the Democratic party, would appear on the ballot at the November election. The complaints alleged that the Election Code, in so far as it authorized this action,

620

violates sections 1 and 7 of article IV, and section 18 of article II of the constitution of Illinois.

The cases were consolidated in the trial court. Upon motion the complaints were dismissed, and plaintiffs appeal.

While the issue presented, in so far as it relates to the particular election involved, has become moot, we have considered the question on the authority of *People ex rel. Lindstrand* v. *Emmerson*, 333 Ill. 606. That case, which was reaffirmed in *People ex rel. Baird* v. *Small*, 335 Ill. 283, also disposes of plaintiffs' contentions on the merits. Plaintiffs' suggestions of alternative methods of dealing with the problem which arose when the direct primary was superimposed upon the constitutional provision for minority representation in the House of Representatives of the General Assembly (article IV, sec. 7,) are matters to be considered by the legislature rather than by this court. Since the *Lindstrand case* was decided in 1929, section 7 of article IV of the constitution has been substantially revised, but no change was made in the provision dealing with minority representation.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*